# No. 25-3068

## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

KEVIN FLOWERS

*Plaintiff-Appellant*

– v. –

CAREMARK PCS HEALTH, LLC, et al.

*Defendants-Appellees*

Appeal from the United States District Court for
the Western District of Arkansas
U.S. District Judge Susan O. Hickey

# APPELLANT'S ADDENDUM

Gary D. Marts, Jr.
Rodney P. Moore
Jessica Pruitt Koehler
WRIGHT, LINDSEY &
JENNINGS LLP
200 West Capitol Ave., Ste. 2300
Little Rock, AR 72201-3699
501-371-0808
gmarts@wlj.com
rpmoore@wlj.com
jkoehler@wlj.com

Scott Poynter
Clay Ellis
POYNTER LAW GROUP, PLLC
4924 Kavanaugh Blvd.
Little Rock, AR 72207
501-812-3943
scott@poynterlawgroup.com
clay@poynterlawgroup.com

*Attorneys for Appellant Kevin Flowers*

# TABLE OF CONTENTS

Order of Dismissal (R. Doc. 88)........................................................ Add. 1

Certificate of Service .................................................................. Add. 10

i

Appellate Case: 25-3068    Page: 2    Date Filed: 12/17/2025 Entry ID: 5589279

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KEVIN FLOWERS, on behalf of himself
and other Arkansans similarly situated                                    PLAINTIFF

v.                                Case No. 4:24-cv-4031

CAREMARKPCS HEALTH, L.L.C.
d/b/a CVS CAREMARK; and
CAREMARK PCS PENNSYLVANIA
MAIL PHARMACY, L.L.C.                                                     DEFENDANTS

## ORDER

Before the Court is Defendants' Motions to Dismiss Second Amended Class Action Complaint. ECF No. 60. Plaintiff has filed a response to the motion. ECF No. 76. Defendants have filed a reply and supplement. ECF Nos. 83, 85. The motion is ripe for consideration by the Court.

## I. BACKGROUND

Plaintiff works at Holcim, an employer who operates a manufacturing plant in Prescott, Arkansas. Plaintiff participates in a self-funded employee benefit plan ("Holcim Plan") that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Holcim Plan offers prescription-drug benefits through CaremarkPCS Health, L.L.C. ("Caremark"), which provides pharmacy benefit management ("PBM") services to Holcim. One of the services Caremark provides to Holcim is the administration and maintenance of pharmacy provider networks where plan members can fill their prescriptions. It is this service that is primarily at issue in this case.

The Holcim Plan provides two options for plan participants to fill all prescriptions taken on a regular basis for more than 90 days. The participants can fill these "maintenance" prescriptions through a Caremark mail-order pharmacy or at one of its CVS retail pharmacy stores.

**Add. 1**

For Plaintiff, a resident of Hempstead County, this means that he must use the mail-order pharmacy for his maintenance medications or travel approximately 70 miles roundtrip to the CVS retail pharmacy store in Texarkana, Arkansas. He could use a local pharmacy to fill his prescriptions for maintenance medications, but this choice would mean that he could not use the Holcim Plan's prescription-drug benefits. Plaintiff claims that this requirement that he use either a mail-order pharmacy or CVS retail pharmacy store violates Arkansas law by depriving him and other plan participants of a reasonable network of pharmacies under the coverage of the plans. These claims are premised on Plaintiff's assertion that Defendants violated two Arkansas statutes.

First, Plaintiff alleges that Defendants violated the Network Adequacy Statute. This statute provides in relevant part that a pharmacy benefit manager ("PBM") "shall provide . . . [a] reasonably adequate and accessible pharmacy benefits manager network for the provision of prescription drugs for a health benefit plan that shall provide for convenient patient access to pharmacies within a reasonable distance from a patient's residence." Ark. Code Ann. § 23-92-505(a)(1)(A). The statute further provides that "[a] mail order pharmacy shall not be included in the calculations determining pharmacy benefits manager network adequacy." Ark. Code Ann. § 23-92-509(a)(1)(B).

The adequacy standards are set forth in Arkansas Code Annotated § 23-92-509(b)(2)(B). These standards generally require that:

> (i) At least ninety percent (90%) of individuals covered by a health benefit plan in an urban area served by the health benefit plan to live within two (2) miles of a network pharmacy that is a retail community pharmacy;
>
> (ii) At least ninety percent (90%) of individuals covered by a health benefit plan in suburban areas served by the health benefit plan to live within five (5) miles of a network pharmacy that is a retail community pharmacy; and
>
> (iii) At least seventy percent (70%) of individuals covered by a health benefit plan in a rural area served by the health benefit plan to live within fifteen (15) miles of

**Add. 2**

Appellate Case: 25-3068    Page: 4    Date Filed: 12/17/2025 Entry ID: 5589279

a network pharmacy that is a retail community pharmacy.

Ark. Code Ann. § 23-92-509(b)(2)(B).

Second, Plaintiff alleges that Defendants violated the Mail Order Statute, which provides:

> If a pharmacy or pharmacist owns or controls, is owned or controlled by, or is under ownership or control with an insurance company, pharmacy benefits manager, pharmaceutical manufacturer, pharmaceutical wholesaler, or pharmacy benefits manager affiliate, then the pharmacy, including any common ownership or controlling entities, or pharmacist, *shall not require that a patient receive his or her prescriptions through home delivery services*.

Ark. Code Ann. § 17-92-119(b)(2) (emphasis added).

Based on the allegations that Defendants are violating the Network Adequacy and Mail order Statutes, Plaintiff asserts three claims in his Second Amended Complaint (ECF No. 57): (1) a violation of the Arkansas Unfair Practices Act; (2) an unjust enrichment claim; and (3) declaratory and injunctive relief. After the parties filed the pending Motion to Dismiss (ECF No. 60), they filed a Stipulation of Dismissal of Count 1 of the Second Amended Complaint, and the Court dismissed the Arkansas Unfair Practices Act claim. Further, Plaintiff and Defendants agree that Plaintiff's claim seeking declaratory and injunctive relief is not an independent cause of action. ECF No. 76, p. 22. Thus, the only remaining claim is one for unjust enrichment.

In short, Plaintiff alleges that Defendants engaged in wrongful conduct that is violative of two Arkansas statutes, and Defendants are unjustly enriched because of their wrongful conduct. Specifically, Plaintiffs allege that Defendants are enriched through compensation in administering drug benefit plans in Arkansas and through profit derived from filling and dispensing prescriptions at their CVS retail pharmacy stores and mail-order pharmacy.

Defendants contend that they are entitled to dismissal of the unjust enrichment claim because it is premised on alleged violations of two Arkansas statutes that are preempted by ERISA

3

**Add. 3**

as applied to Plaintiff's claims.  Defendants also argue that, even if not preempted, Plaintiff fails to state a claim for violation of the Mail Order Statute, because the Holcim Plan does not require participants to fill prescriptions through home delivery services.

## II.  LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant" is liable. *Id.* (internal quotations omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint strikes a savvy judge that actual proof of the facts alleged is improbable and recovery very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (2010).

## III.  DISCUSSION

The Court will first address the preemption argument and then, if necessary, address the argument that the Holcim Plan does not violate the Mail Order Statute.

### A.  ERISA and Preemption

The Supremacy Clause, U.S. Const. art. VI, cl. 2, gives Congress "the power to preempt state law." *Arizona v. United States*, 567 U.S. 387, 399 (2012).  One way Congress can exercise this power is "by enacting a statute containing an express preemption provision." *Id.*  A state law that is preempted by federal law is without effect, *Pharm. Rsch. & Manufacturers of Am. v. McClain*, 95 F.4th 1136, 1140 (8th Cir. 2024), and any claims that are premised on an alleged

4

violation of a preempted statute necessarily fail as a matter of law.  *See Estrada v. Kaiser Found. Hosps.*, 678 F. App'x 494, 497 (9th Cir. 2017).

"Except for plans offered by governmental entities and churches, all employer-sponsored plans are governed by ERISA."  *Pharm. Care Mgmt. Ass'n v. Mulready*, 78 F.4th 1183, 188 (10th Cir. 2023), *cert. denied*, 145 S. Ct. 2843 (2025) (citing 29 U.S.C. § 1003(a)-(b)).  The Holcim Plan at issue in this case is an employer-sponsored plan governed by ERISA.

ERISA was enacted to "safeguard employee benefits" by creating "standard procedures and oversight systems for employer-sponsored retirement plans and health plans."  *Id.* at 1194 (citing *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 320-21 (2016)).  "Through ERISA, Congress 'ensure[d] that plans and plan sponsors would be subject to a uniform body of benefits law, thereby minimizing the administrative and financial burden of complying with conflicting directives and ensuring that plans do not have to tailor substantive benefits to the particularities of multiple jurisdictions.'"  *Id.* at 1193 (quoting *Rutledge v. PCMA*, 592 U.S. 80, 86 (2020)).  To that end, ERISA contains an express preemption clause, which supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  "[A] state law relates to an ERISA plan if it has a connection with or reference to such a plan."  *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001) (internal quotation marks omitted).  Here, Defendants make only a "connection-with" argument and do not rely on "reference-to" preemption.

Connection-with preemption looks to "the nature of the effect of the state law on ERISA plans."  *Cal. Div. of Lab. Standards Enf't v. Dillingham Constr., N.A.*, 519 U.S. 316, 325 (1997).  The Supreme Court has "identified two categories of state laws that have this impermissible connection with ERISA plans: 'laws that require providers to structure benefit plans in particular

**Add. 5**

ways, such as by requiring payment of specific benefits or by binding plan administrators to specific rules for determining beneficiary status,' and laws whose 'acute, albeit indirect, economic effects . . . force an ERISA plan to adopt a certain scheme of substantive coverage.'" *Mulready*, 78 F.4th at 1194 (quoting *Rutledge*, 592 U.S. at 86-87). When considering connection-with preemption, courts should ask "whether the state law governs a central matter of plan administration or interferes with nationally uniform plan administration." *Rutledge*, 592 U.S. at 87. "If it does, it is pre-empted." *Id.* The Supreme Court clarified, however, that "ERISA does not pre-empt state rate regulations that merely increase costs or alter incentives for ERISA plans without forcing plans to adopt any particular scheme of substantive coverage." *Id.* at 88.

### B. Preemption in this Case

The Court turns now to the question of whether the Arkansas Network Adequacy and Mail Order Statutes have an impermissible connection with ERISA plans.

#### 1. Arkansas Network Adequacy Statute

Defendants argue that the Network Adequacy Statute has a connection to the Holcim Plan. They contend that the statute governs a central matter of plan administration by purporting to dictate the geographic parameters of the Holcim Plan's pharmacy networks, noting that a pharmacy network's scope is a "key benefit design[] for an ERISA plan." *Mulready*, 78 F.4th at 1198. Plaintiff argues that the Network Adequacy Statute does not have a connection with the Holcim Plan because the effect of the statute on the Holcim Plan is merely incidental and does not require the Holcim Plan to provide specific benefits.

The statute requires Caremark, as a PBM, to provide a "reasonably adequate and accessible pharmacy benefits manager network for the provision of prescription drugs for a health benefit plan that shall provide for convenient access to pharmacies with a reasonable distance from a

patient's residence." Ark. Code Ann. § 23-92-505(a)(1); *see Mulready*, 78 F.4th at 1194 (rejecting the argument that a statute "escapes preemption because it regulates PBMs, not health plans"). Under the statute, "reasonably adequate and accessible" means that certain minimum percentages of individuals covered by a plan must live within certain specified distances of a "network pharmacy that is a retail community pharmacy." Ark. Code Ann. § 23-92-509(b)(2); Code Ark. R. 003.22.118-7(A). The statute further specifies that "[a] mail-order pharmacy shall not be included in the calculations determining pharmacy benefits manger network adequacy." Ark. Code Ann. § 23-92-505(a)(1)(B).

The Tenth Circuit recently held that ERISA preempts an Oklahoma statute that is nearly identical to Arkansas's Network Adequacy Statute. *See Mulready*, 78 F.4th at 1196, 1201-02. The Oklahoma statute, like the Network Adequacy Statute, "outline[d] various geographic parameters that PBMs must satisfy in fashioning their Oklahoma pharmacy networks." *Id.* at 1196. The specific parameters in the Oklahoma statute were identical to those in the Network Adequacy Statute. *See id.* The Oklahoma statute, like the Network Adequacy Statute, also provided that "only brick-and-mortar pharmacies—not mail-order pharmacies—count toward these requirements." *Id.* at 1200. The Tenth Circuit reasoned that because Oklahoma's network requirements "winnow[ed] the PBM-network-design options for ERISA plans, thereby hindering those plans from structuring their benefits as they choose," they were preempted by ERISA as applied to employee benefit plans. *Id.* at 1199.

The Court agrees with Defendants that the same reasoning the Tenth Circuit applied in *Mulready* should apply here. The geographic parameters in Arkansas's Network Adequacy Statute mandate certain benefit structures by indirectly compelling decisions about which pharmacies are included in Caremark's pharmacy networks. Which pharmacies are included in a pharmacy

**Add. 7**

network is a "key benefit design" for an ERISA plan. *Id.* at 1198. Because the geographic parameters in the Network Adequacy Statute "require providers to structure benefit plans in particular ways," these geographic parameters "govern[] a central matter of plan administration" and thus have an impermissible connection with ERISA plans. *Rutledge*, 592 U.S. at 86. Accordingly, the Court finds that the Network Adequacy Statute is preempted by ERISA as applied to the Holcim Plan.

### 2. Mail Order Statute

The preemption analysis applied by the Court to the Network Adequacy Statute also applies to the Mail Order Statute. This statute provides that a pharmacy affiliated with a PBM may not require that "a patient receive his or her prescriptions through home delivery services." Ark. Code Ann. § 17-92-119(b)(2). Like the Network Adequacy Statute discussed above, the Mail Order Statute "governs a central matter of plan administration" by purporting to "dictate which pharmacies must be included in a PBM's network." *Mulready*, 78 F.4th at 1198. Plans often use mail-order pharmacies because having prescriptions delivered by mail is "cheaper for plans and may help patients take their medications as prescribed." *Id.* at 1189. Arkansas's restriction regarding mail-order pharmacies mandates a certain benefit structure by disallowing the exclusive use of mail-order pharmacies to fill maintenance medications. *See id.* at 1198. Consequently, because the Mail Order Statute "require[s] providers to structure benefit plans in particular ways," the Court finds that the statute "governs a central matter of plan administration" and thus has an impermissible connection with ERISA plans. *Rutledge*, 592 U.S. at 86. Accordingly, the Court finds that the Mail Order Statute is preempted by ERISA as applied to the Holcim Plan.

### C. Unjust Enrichment

Because Plaintiff's unjust enrichment claim is premised on alleged violations of two

preempted statutes—the Network Adequacy and Mail Order Statutes—the unjust enrichment claim must fail as a matter of law. *See Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410-EMC, 2021 WL 5999082, at * 13 (N.D. Cal. Dec. 20, 2021) ("Because overtime pay and meal periods claims are preempted, the derivative claims of failure to pay final wages and provide accurate itemized wage statements are also preempted."). Plaintiff's unjust enrichment claim is premised entirely on the allegation that Defendants violated the Network Adequacy and Mail Order Statutes and were unjustly enriched by this wrongful conduct. However, as discussed above, the Court has found that these two Arkansas statutes, as applied to the Holcim Plan, are preempted by ERISA. Accordingly, Plaintiff's unjust enrichment claim must be dismissed for failure to state a claim upon which relief can be granted.[1]

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motions to Dismiss Second Amended Class Action Complaint (ECF No. 60) should be and hereby is **GRANTED** as it relates to Plaintiff's only remaining claim—unjust enrichment. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**. Because this case is being dismissed, the Court finds that the pending Motion to Certify Class (ECF No. 53), Motion to Compel (ECF No. 73), and Motion for Status Conference (ECF No. 87) are **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 29th day of September, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] Defendants argue, in the alternative, that even if not preempted, Defendants have not violated the Mail Order Statute, because the Holcim Plan does not require plan participants to fill their medications through home delivery services. Because the Court finds that the Mail order Statute is preempted by ERISA as to the Holcim Plan, the Court will not address Defendants' alternative argument for dismissal.

9

# <u>CERTIFICATE OF SERVICE</u>

On December 17, 2025, I filed this addendum using the CM/ECF

system, which will serve a copy on all counsel of record.


/s/ Gary D. Marts, Jr.
Gary D. Marts, Jr.

**Add. 10**

Appellate Case: 25-3068    Page: 12    Date Filed: 12/17/2025 Entry ID: 5589279